<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                        :
MARTH HICKS,                            :
                                        :
                    Plaintiff,          :
                                        :   Civ. Action No. 16-0927-BRM-LHG
        v.                              :
                                        :
STATE OF NJ DEPARTMENT OF               :
CORRECTIONS, MAJOR GERALD               :   **OPINION**
CALDARISE, and LIEUTENANT BERNARD       :
WILLIE,                                 :
                                        :
                    Defendants.         :
_____  :

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Major Gerald Caldarise's ("Caldarise") Second Motion to Dismiss (ECF No. 54) Count III of Plaintiff Martha Hicks' ("Plaintiff") First Amended Complaint (the "Amended Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 21.) Plaintiff opposes Caldarise's Motion. (ECF No. 55.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, Caldarise's Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *In Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Plaintiff is a Hispanic female correctional officer employed by the New Jersey Department of Corrections ("DOC"). (ECF No. 21 at ¶¶ 12-14.) Plaintiff filed this action against the DOC and

her former supervisors at the DOC, Caldarise and Defendant Lieutenant Bernard Willie ("Willie") (collectively, "Defendants") for allegedly discriminating against Plaintiff and creating a hostile work environment on the basis of her race and/or her national origin, as well as for allegedly retaliating against Plaintiff for filing a charge with the Equal Employment Opportunity Commission ("EEOC") complaining of workplace discrimination and hostile work environment. (*Id.* at ¶¶ 11-31.) In Count I, Plaintiff asserts a claim against the DOC for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (*Id.* at ¶¶ 32-35.) In Count II, Plaintiff asserts claims against Caldarise and Willie for racial and/or national origin discrimination and retaliation in violation of 42 U.S.C. § 1981, as well as in violation of her right to equal protection under the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983. (*Id.* at ¶¶ 36-43.) And, in Count III, Plaintiff asserts a claim against Caldarise for violations of the NJLAD. (*Id.* at ¶¶ 44-47.)

On October 19, 2015, Plaintiff filed her original Complaint in this matter against the DOC in the Eastern District of Pennsylvania. (ECF No. 1.) The same day, Plaintiff requested pro bono counsel. (ECF No. 2.) On January 6, 2016, the Honorable L. Felipe Restrepo, U.S.D.J., appointed the law firm of Karpf, Karpf & Cerutti, P.C. to represent Plaintiff for certain limited purposes. (ECF No. 6.) On February 18, 2016, Plaintiff and the DOC stipulated to, and the Honorable J. William Ditter, Jr., U.S.D.J., ordered, the transfer of this matter from the Eastern District of Pennsylvania to the District of New Jersey. (ECF No. 11.)

On March 28, 2016, the DOC moved to dismiss the Complaint. (ECF No. 20.) In response, on April 18, 2016, Plaintiff filed the Amended Complaint, which added new factual allegations and joined Caldarise and Willie as new defendants. (ECF No. 21.) On April 19, 2016, the Honorable Michael A. Shipp, U.S.D.J., ruled the Amended Complaint was now the operative

pleading and terminated the DOC's Motion to Dismiss as moot. (ECF No. 22.) On June 24, 2016, the DOC moved to dismiss Count III (NJLAD) of the Amended Complaint on the basis of Eleventh Amendment sovereign immunity, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 28.) On August 9, 2016 this matter was reassigned to the undersigned. (ECF No. 35.) On September 27, 2016, Caldarise also moved to dismiss Count III (NJLAD) of the Amended Complaint on the basis of Eleventh Amendment sovereign immunity, pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 43.) Plaintiff opposed the DOC's motion in part and Caldarise's Motion in its entirety. (ECF Nos. 31 & 47.)

On January 17, 2017, the Court granted in part the DOC's motion, finding the Eleventh Amendment barred Plaintiff's NJLAD claim against the DOC, and denied Caldarise's first motion to dismiss. (ECF Nos. 51 and 52.) On February 6, 2017, Caldarise filed his Second Motion to Dismiss. (ECF No. 54.) Plaintiff opposes Caldarise's Motion. (ECF No. 55.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

Caldarise moves to dismiss Count III of the Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6), and he also moves on the grounds the Court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1). (ECF No. 54.) "Caution is necessary because the standards governing the two rules differ markedly, as Rule 12(b)(6) provides greater procedural safeguards for plaintiffs than does Rule 12(b)(1)." *Davis v. Wells Fargo*, 824 F.3d 333, 348-49 (3d Cir. 2016).

#### 1. Federal Rule of Civil Procedure 12(b)(1)

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis*, 824 F.3d at 346. A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the

allegations of the complaint as true.'" *Id.* (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id.* (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations . . . ." *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348-49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing Mortensen, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

Here, Caldarise is asserting a facial 12(b)(1) challenge because he asserts he is immune from Plaintiff's claims as pled. Therefore, the Court considers the allegations in the light most favorable to Plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

### 2. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Philips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not

5

required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DECISION

Caldarise moves to dismiss Plaintiff's NJLAD claim against him on three grounds. First, he argues the NJLAD only authorizes suit in the Superior Court of New Jersey. (Br. in Support of Def.'s Second Mot. to Dismiss (ECF No. 54-1) at 4.) Second, Caldarise argues he cannot be liable for aiding and abetting the DOC's allegedly discriminatory conduct under the NJLAD, because the DOC the Court dismissed Plaintiff's NJLAD claim against the DOC. (*Id.* at 5.) Third, Caldarise argues Plaintiff has pled no facts that could lead to liability in his personal capacity, and he is immune for acts in his official capacity.

#### A. A Federal Court's Ability to Hear a NJLAD Claim

Caldarise argues the NJLAD does not authorize suit in federal court. (*Id.* at 4 (citing *Garcia v. Richard Stockton Coll.*, 210 F. Supp. 2d 545, 550 (D.N.J. 2002)).) The parties do not dispute Eleventh Amendment sovereign immunity applies to claims under the NJLAD. *See Garcia*, 210 F. Supp. 2d at 550 (holding that the Eleventh Amendment bars claims under the NJLAD against the state of New Jersey, because the state has not expressly waived immunity from such claims) (citing N.J.S.A. § 10:5-13); *Rich v. New Jersey*, No. 14-2075, 2015 U.S. Dist. LEXIS 61683, at

*18 (D.N.J. May 12, 2015) (same). This precedent was the basis for this Court's grant of the DOC's motion to dismiss Plaintiff's NJLAD claim. (ECF No. 51 at 6-7.) Caldarise argues the DOC's immunity from a NJLAD claim in federal court precludes Plaintiff's NJLAD claim against him. (ECF No. 54-1 at 4.)

The *Garcia* court's holding is not as broad as Caldarise argues, however. A plaintiff cannot assert against a NJLAD claim against the state, a state agency or alter ego, or a state employee acting in his or her official capacity. *Garcia*, 210 F. Supp. 2d at 550. But, as this Court found in denying Caldarise's first motion to dismiss, "Plaintiff brings her NJLAD claim against Caldarise solely in his personal capacity, alleging that he is 'personally liable' under the NJLAD." (ECF No. 51 at 7 (citing ECF No. 21 at ¶ 46).) "In a suit against state officials in their 'personal' capacity . . . . where the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment." *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) *aff'd* 502 U.S. 21 (1991). Therefore, the Court finds it has jurisdiction to hear a NJLAD claim against Caldarise in his personal capacity.

### B. Aiding and Abetting Liability Under the NJLAD

Pursuant to the NJLAD, it is unlawful for an employer "to discriminate against [an employee] in compensation or in terms, conditions or privileges of employment." N.J.S.A. § 10:5-12(a). It is also unlawful "[f]or any person . . . to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." N.J.S.A. § 10:5-12(e). A plaintiff seeking to hold a person liable for aiding and abetting discrimination in violation of the NJLAD must show: "(1) the employer whom the defendant aided performed a wrongful act causing injury; (2) the defendant was generally aware of his role as part of an overall illegal or tortious activity at the time that he provided the assistance; and (3) the defendant knowingly and substantially assisted

the principal violation." *DeSantis v. N.J. Transit*, 103 F. Supp.3d 583, 591 (D.N.J. 2015) (citing *Cicchetti v. Morris Cty. Sheriff's Office*, 947 A.2d 626, 645 (N.J. 2008)).

Caldarise claims he cannot be found liable for any violation under the NJLAD, because his employer, the DOC, is immune from liability under Plaintiff's NJLAD claim. (ECF No. 54-1 at 5.) If an employer is not liable for a NJLAD violation, a claim against an individual defendant for aiding and abetting must also fail. *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 307 n.15 (3d Cir. 2004). Plaintiff argues her claim against Caldarise may proceed because the dismissal of her claim against the DOC was not an adjudication on the merits. (ECF No. 55 at 6 (citing *Lindsey v. N.J. Dept. Corr.*, No. 04-3815, 2007 WL 83667, at *6-7 (D.N.J. Mar. 14, 2007) (finding the DOC's Eleventh Amendment immunity did not preclude a NJLAD aiding and abetting claim against individual defendants)).)

The issue of whether a plaintiff may proceed with a claim for aiding and abetting against an individual defendant when the state employer is immune is unsettled in this district. In a slight majority of cases, this Court has found the state employer's immunity precludes a claim for aiding and abetting against an individual defendant. *See Shreve v. N.J. Motor Vehicle Comm.*, No. 15-7957, 2016 WL 5334661, at *5 (D.N.J. Sep. 22, 2016); *Hughes v. N.J., Office of the Public Defender/Dep't of Public Advocate*, No. 11-1442, 2012 WL 761997, at *3 (D.N.J. Mar. 7, 2012); *Cooper v. N.J. Lottery*, No. 05-896, 2006 WL 1344092, at *12 (D.N.J. May 15, 2006); *Hanai v. State of N.J.*, No. 03-3111, WL 1308231, at *16 (May 31, 2005). *But see Lindsey*, 2007 WL 83667, at *6-7; *Uwalaka v. N.J.*, No. 04-2973, 2005 WL 3077685, at *3 (D.N.J. Nov. 15, 2005). The Court finds the reasoning of the majority of cases more persuasive. "[I]ndividual liability does not exist under the NJLAD absent evidence that the individual was 'aiding and abetting' discrimination by the employer. *Hughes*, 2012 WL 761997, at *3 (citing *Hurley v. Atl. City Police*

8

*Dep't*, 174 F.3d 95, 138 (D.N.J. 1999)). "Such proof is impossible if the Court has no jurisdiction over the employer." *Id.* As the Court dismissed Plaintiff's NJLAD claim against the DOC, Plaintiff cannot prove the DOC violated the NJLAD. Consequently, she cannot prove Caldarise aided and abetted the DOC's violation.

Therefore, the Caldarise's Second Motion to Dismiss Count III of Plaintiff's Amended Complaint is **GRANTED**.

### C. Plaintiff's Claim Against Caldarise in His Personal Capacity

As the Court has found Plaintiff cannot assert a claim for aiding and abetting liability against Caldarise under the NJLAD, the Court need not address the question of whether Plaintiff pled sufficient facts to assert a claim against him in his personal capacity.

### D. Dismissal Without Prejudice

The Court dismissed Plaintiff's NJLAD claim against the DOC without prejudice. (ECF No. 51 at 7-8 (citing *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580 (3d Cir. 2007)) ("Where a district court lacks subject-matter jurisdiction, its disposition of such a case will . . . be without prejudice.").) The Court noted denying relief for want of jurisdiction does not preclude a subsequent action in a court of competent jurisdiction. (*Id.* (citing *Siravo*, 256 F. App'x at 580).) Just as the Court's dismissal of Count III against the DOC did not preclude Plaintiff from bringing the claim in state court, this Opinion does not preclude Plaintiff from bring her claim against Caldarise in state court. *See* N.J.S.A. § 10:5-13 ("Any complainant may initiate suit in Superior Court under this act . . . ."). Accordingly, Count III against Caldarise is dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, Caldarise's Motion to Dismiss (ECF No. 54) is **GRANTED**. Plaintiff's NJLAD claim (Count III) against the Caldarise is **DISMISSED WITHOUT PREJUDICE**.


**Date: October 27, 2017**                         */s/ Brian R. Martinotti*
                                                                          **HON. BRIAN R. MARTINOTTI**
                                                                          **UNITED STATES DISTRICT JUDGE**